694 So.2d 165 (1997)
Keith Edward JONES, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.
No. 96-2480.
District Court of Appeal of Florida, Fifth District.
June 6, 1997.
*166 Rick Kolodinsky and Jason O. Brown, of Kolodinsky, Berg, Seitz & Tresher, New Smyrna Beach, for Appellant.
Lester A. Lewis, Daytona Beach, for Appellee.
GRIFFIN, Judge.
This is an appeal of a summary final judgment entered in favor of State Farm Mutual Automobile Insurance Company ["State Farm"] on a claim for PIP coverage and underinsured motorist benefits.
On April 1, 1995, Keith Edward Jones ["Jones"] was injured in an automobile accident in New Smyrna Beach, Florida. Jones submitted an initial application for PIP benefits to his insurer on April 6, 1995. He received PIP and medical payments coverage benefits through June 29, 1995, in the amount of $3,412.75. He was ultimately scheduled for knee surgery on September 28, 1995, for injuries that his orthopaedic surgeon related to the accident. Bills for this surgery were received by State Farm on October 13, 1995. Rather than pay the bill within the thirty-day period provided for in section 627.737, Florida Statutes (1993), because of her concern that the surgery might not be related to the accident, State Farm's adjuster scheduled Jones for a physical examination on November 30, 1995, in Daytona Beach, Florida. Jones responded by filing a four-count complaint against the tortfeasor and State Farm on November 20, 1995. The complaint sought PIP benefits and alleged that State Farm had violated section 627.737 because of the failure to make payment on the claim within the thirty-day period provided for in the statute. Jones also sought underinsured motorists benefits.
Jones did not attend the physical examination scheduled for November 30, 1995. State Farm thereupon filed several motions seeking summary judgment, asserting that State Farm had been relieved of its obligations to Jones because of his failure to attend the November examination.
Jones opposed the motion by filing a copy of a report from Jones' physician which had been received by State Farm on June 16, 1995. The report stated in relevant part that:
IMPRESSION: I am quiet [sic] certain, with [sic] a reasonable degree of medical probability that this patient tore his left knee anterior cruciate ligament in his accident of 4/1/95.
Jones also filed a copy of the adjuster's deposition, in which she stated that she had made the decision to require further examination of Jones based on what she thought were indications that his condition was degenerative in nature and not related to the accident. The court entered final summary judgment in favor of State Farm on all of Jones' claims.
Although we cannot credit Jones' contention that State Farm's failure to pay Jones' surgical bills within thirty days relieved him of any further obligation under the policy and requires that judgment be entered in his favor, we do agree with Jones that the summary judgment in favor of State Farm must be reversed. First of all, it is apparent that State Farm did not have reasonable proof that it was not responsible for payment of Jones' surgical bills. Despite State Farm's heroic effort on appeal to catalogue any fact or circumstance that might engender a suspicion that the knee surgery was not causally related to the accident, the best that even State Farm can say is that "State Farm had `reasonable proof' to question the relationship of Jones' left knee surgery...." This does not meet the statutory test of "reasonable proof to establish that the insurer is not responsible for the payment...." Thus, State Farm is exposed to the statutory penalties attendant to an "overdue" claim. State Farm does not, however, lose its right to contest the claim. For this reason, State Farm's failure to pay the claim in thirty days does not relieve Jones from the obligation to submit to an independent medical examination.
By the same token, we also cannot agree with State Farm that Jones' failure to appear at the earlier IME scheduled relieved it of any further duty to pay. The burden of establishing an absence of any issue of fact *167 or law that would support a summary judgment was on State Farm. To begin with, the insurance contract on which State Farm relies for its argument that Jones breached a contractual duty is not in the record. Even if we could assume the terms of the State Farm policy, Jones' refusal to appear for the November 30 IME was not so "unreasonable" as to void coverage. First, Jones argues that he was entitled to refuse to appear for the physical examination requested by State Farm because the examination was scheduled to occur in Daytona Beach, even though the statute provides that "[s]uch examination shall be conducted within the municipality of residence of the insured or in the municipality where the insured is seeking treatment." § 627.736(7)(a), Fla. Stat. (1993). Jones is a resident of New Smyrna Beach and asserts that there are orthopaedic physicians in New Smyrna Beach who could have performed the examination. State Farm complains this issue was not raised below until the day of the hearing on the motion for summary judgment, and further contends that it was entitled to schedule the examination in Daytona Beach because the statute also provides:
If the examination is to be conducted within the municipality of residence of the insured and there is no qualified physician to conduct the examination within such municipality, then such examination shall be conducted in an area of the closest proximity to the insured's residence.
Id. Obviously, the question whether the examination had to be held in New Smyrna Beach, or whether State Farm could require Jones to travel to Daytona Beach, involves issues of fact which were not addressed in the parties' motions or by affidavit. Frielingsdorf v. Allstate Ins. Co., 497 So.2d 289 (Fla. 3d DCA 1986), review denied, 506 So.2d 1040 (Fla.1987). The burden of showing an absence of a material issue of fact is on the movant. Thus, this was not an appropriate basis on which to enter the summary judgment for State Farm.[1]
The summary final judgment is reversed and the cause remanded for further proceedings.
REVERSED and REMANDED.
PETERSON, C.J., and HARRIS, J., concur.
NOTES
[1] Jones further questions the value of such a post-operative examination on the issue of whether Jones' knee injury was related to the accident. Even if Jones' refusal to submit to an examination were considered unreasonable, State Farm is not relieved from all liability for PIP payments; rather, the statute provides that "[i]f a person unreasonably refuses to submit to an examination, the personal injury protection carrier is no longer liable for subsequent personal injury protection benefits." § 627.736(7)(b), Fla. Stat. (1993) (emphasis added). Under this statute, State Farm would appear to remain liable for PIP benefits incurred before the request for an examination was made. See Tindall v. Allstate Ins. Co., 472 So.2d 1291, 1293 (Fla. 2d DCA 1985), review denied, 484 So.2d 10 (Fla. 1986).