746 So.2d 1123 (1999)
Juana Maria PEREZ, Petitioner,
v.
STATE FARM FIRE AND CASUALTY COMPANY, Respondent.
United Automobile Insurance Company, Appellant,
v.
Marisol Rodriguez, Appellee.
Nos. 99-1481, 99-1348.
District Court of Appeal of Florida, Third District.
October 13, 1999.
Rehearing Denied December 22, 1999.
John H. Ruiz, Miami, and Brana Alvarez, for petitioner and appellee.
James K. Clark, Miami, for respondent.
Fowler, White, Burnett, Hurley, Banick & Strickroot and Steven E. Stark, Miami, for appellant.
Robbins & Reynolds, Miami; Arthur Joel Berger, Miami, for Marisol Rodriguez as amicus curiae.
Diane H. Tutt, Plantation, for Fortune Insurance Company as amicus curiae.
BEFORE: JORGENSON, GREEN and SHEVIN, JJ.
SHEVIN, J.
United Automobile Insurance Company ["United Auto"] invokes this Court's discretionary jurisdiction under Florida Rule of Appellate Procedure 9.030(b)(4)(a), to appeal a final summary judgment in an action to recover personal injury protection ["PIP"] benefits. In that judgment the Dade County Court certified the following question of great public importance:
IN AN ACTION TO RECOVER MEDICAL BENEFITS IN A LAWSUIT UNDER FLA.STAT. § 627.736 WHERE THE ONLY DEFENSE BY AN INSURER IS THAT THE MEDICAL TREATMENT WAS NOT RELATED, NOT REASONABLE AND/OR NOT NECESSARY, MUST AN INSURER OBTAIN THE REPORT REQUIRED UNDER FLA. *1124 STAT. § 627.736(7) CONSTITUTING "REASONABLE PROOF" WITHIN 30 DAYS OF RECEIVING WRITTEN NOTICE OF THE FACT OF A COVERED LOSS AND OF THE AMOUNT OF SAME BEFORE IT CAN DEFEND ON THE BASIS THAT THE MEDICAL BILLS ARE NOT REASONABLE, NOT RELATED AND/OR NOT NECESSARY?
We accept jurisdiction and affirm the judgment.
Juana Maria Perez seeks certiorari review of a Circuit Court Appellate Division decision reversing a final summary judgment. Perez filed an action to recover PIP benefits from her insurer, State Farm Fire and Casualty Company ["State Farm"]. In granting Perez a summary judgment, the county court ruled that State Farm was precluded from raising defenses to Perez's claims because it did not have reasonable proof that the claims were not reasonable, necessary or related within thirty days of receiving written notice of the claim.
Because both cases present the identical question of law for review, we have consolidated the cases on our own motion.

I. Facts

A. United Automobile Ins. Co. v. Rodriguez
Marisol Rodriguez sustained injuries in an automobile accident and made a PIP claim to her insurer, United Auto, on October 1, 1997. United Auto admitted coverage and waived all defenses except as to the reasonableness, relationship, and medical necessity of the bills incurred.
On October 17, Ms. Rodriguez submitted her claimed medical bills to United Auto. As of November 26, United Auto had not received a report indicating that these claimed medical bills were unreasonable, unrelated, or unnecessary.
On December 17, Ms. Rodriguez submitted more medical bills for payment. On January 16, United Auto submitted Ms. Rodriguez's medical bills for review to a doctor who issued a report to United Auto on January 19, 1998, outside the thirty-day statutory time period.
Ms. Rodriguez sued to recover the amount of the unpaid medical bills plus interest. § 627.736(4)(b), (c), Fla.Stat. (1997). She moved for summary judgment on the grounds that the insurer had only thirty days from the date of receipt of the medical bills to obtain a report constituting "reasonable proof" that the treatments were not reasonable, related, or necessary and that absent same, the insurer could not defend on that basis, thereby entitling her to final summary judgment.
United Auto conceded that it did not obtain reasonable proof within the thirty-day period and did not raise any coverage defense. However, United Auto argued that the failure to obtain the report did not compel payment of the bills, but only subjected it to paying interest and attorney's fees should liability be established. The trial court entered final summary judgment in favor of Ms. Rodriguez for the amount of the medical bills plus accrued interest and certified the question stated herein.

B. Perez v. State Farm
On March 24, 1996, Ms. Perez sustained personal injuries as a result of an automobile accident. She sought treatment for her injuries and submitted medical bills to State Farm under the PIP coverage of her automobile insurance policy. State Farm failed to pay the bills; Ms. Perez filed a lawsuit against State Farm for payment of these bills.
Ms. Perez moved for summary judgment on the grounds that the defendant had no reasonable proof to establish that it was not responsible for the payment of her claimed medical bills within the thirty-day statutory period. She argued "that failure to obtain such proof within the statutory period means the insurer must pay the bills, in their entirety, at the expiration of the 30-day period."
*1125 The trial court entered summary judgment in Ms. Perez's favor, ruling that it is the "responsibility on the part of an insurer to pay within 30 days absent reasonable proof within that time that they are not responsible for payment." On appeal, the circuit court appellate division reversed the trial court in a two-to-one decision although State Farm conceded "that it failed to obtain reasonable proof that it is not responsible within the 30-day period."

II. ANALYSIS
The answer to the certified question in United Auto's appeal should be abundantly clear based on this court's unanimous en banc decision in Fortune Ins. Co. v. Pacheco, 695 So.2d 394 (Fla. 3d DCA 1997). We answer this certified question with a resounding "yes," based on, now twenty-five years of established law and affirm the final summary judgment entered for Ms. Rodriguez. Based on the same reasoning we quash the Appellate Division decision challenged in Ms. Perez's certiorari petition. Ms. Perez's petition demonstrates that the Appellate Division decision is a "violation of a clearly established principle of law resulting in a miscarriage of justice," Haines City Community Dev. v. Heggs, 658 So.2d 523, 528 (Fla.1995), we grant certiorari and quash the Appellate Division decision.
Section 627.736(4)(b), Florida Statutes (1997), provides that PIP insurance benefits "shall be overdue if not paid within 30 days after the insurer is furnished written notice of the fact of a covered loss and of the amount of same." This section also provides that "any payment shall not be deemed overdue when the insurer has reasonable proof to establish that the insurer is not responsible for the payment, notwithstanding that written notice has been furnished to the insurer." The PIP statute clearly requires that the insurer must obtain, within thirty days, a medical report providing "reasonable proof" that it is not responsible for payment. Here, the insurers failed to obtain such a report and, hence, must promptly pay the claim plus accrued interest.
The insurers' contentions that while they failed to obtain a report within the statutory period, they can only be required to pay interest and attorney's fees is not persuasive. Since 1974, Florida courts have uniformly held that
the statutory language is clear and unambiguous. The insurance company has thirty days in which to verify the claim after receipt of an application for benefits. There is no provision in the statute to toll this time limitation. The burden is clearly upon the insurer to authenticate the claim within the statutory time period. To rule otherwise would render the recently enacted "no fault" insurance statute a "no-pay" plana result we are sure was not intended by the legislature.
Pacheco, 695 So.2d at 395 (emphasis added) (quoting Dunmore v. Interstate Fire Ins. Co., 301 So.2d 502, 502 (Fla. 1st DCA 1974)).
In Pacheco, Fortune Insurance sought to require that the claimant furnish all medical records before the thirty-day period would begin to run. See Pacheco, 695 So.2d at 396. However, this court held that this interpretation would totally obliterate the thirty-day statutory provision. Pacheco goes on to advise that "once an insurer receives notice of a loss and medical expenses, it must pay within thirty days unless, pursuant to Section 627.736(4)(b), it has obtained reasonable proof to believe that it is not responsible for the payment." Pacheco, 695 So.2d at 395 (emphasis added).
Based on Pacheco, the trial court in both cases before us[1] correctly concluded that "reading the PIP statute in pari materia, *1126 the insurer must obtain the required report within 30 days." Having failed to do so, the insurers must pay the claims. The final summary judgment in Ms. Rodriguez's favor is therefore affirmed.
In contrast, the appellate decision in Perez disregarded this court's holding in Pacheco. Instead, it followed Jones v. State Farm Mutual Automobile Insurance Co., 694 So.2d 165 (Fla. 5th DCA 1997). Jones, however, is not dispositive of the issue in this case. Jones addressed a summary judgment granted despite the existence of genuine issues of material fact regarding whether the insured had reasonably failed to submit to an independent medical examination. In view of this fact, the Fifth District stated that the insurer was not precluded from presenting its defense. This comment, however, was clearly dicta as it was not necessary to the disposition of the case. In any event, the Eleventh Circuit Court is bound to follow the precedent in this District, see Pardo v. State, 596 So.2d 665 (Fla.1992), and its failure to do so was error; the error resulted in a miscarriage of justice.

III. Conclusion
In summary, we answer the certified question in the affirmative and affirm the final judgment in United Automobile Insurance Co. v. Rodriguez, 746 So.2d 1123. We also grant certiorari and quash the appellate division decision in Perez v. State Farm Fire & Casualty Co., 746 So.2d 1123.
Certified question answered; judgment affirmed; certiorari granted, and opinion quashed.
NOTES
[1] We commend the trial judge, Judge Milian, and Circuit Court Judge Esquiroz, who dissented in the Appellate Division opinion in Perez v. State Farm, No. 97-383 at 7 (Dade Cir.Ct. May 7, 1999), for urging that the court adhere to our precedent in Pacheco.