760 So.2d 1110 (2000)
AIU INSURANCE COMPANY, Appellant,
v.
Charles DAIDONE, Appellee.
No. 4D99-3115.
District Court of Appeal of Florida, Fourth District.
July 5, 2000.
*1111 Hinda Klein of Conroy, Simberg & Ganon, P.A., Hollywood, for appellant.
Allen R. Seaman of Stafford & Seaman, P.A., Lake Worth, for appellee.
KLEIN, J.
This is an appeal from county court in which the court certified the following question as one of great public importance:
DOES A PIP INSURANCE CARRIER LOSE ITS RIGHT TO CONTEST THE NECESSITY OF CARE OR THE REASONABLENESS OF THE BILL RENDERED FOR THAT CARE, WHERE THE CARRIER FAILS TO OBTAIN A WRITTEN REPORT STATING THAT SUCH CARE IS UNNECESSARY OR THE BILL IS UNREASONABLE WITHIN 30 DAYS OF THE CARRIER'S RECEIPT OF THE BILL IN QUESTION?
We answer the question in the negative and certify direct conflict with Perez v. State Farm Fire and Casualty Co., 746 So.2d 1123 (Fla. 3d DCA 1999), rev. granted (Fla. May 18, 2000).
The issue requires interpretation of our no fault insurance statute which provides for payment of personal injury protection (PIP) benefits. In Perez the third district held that if an insured submits a bill for medical services, and the insurer takes no action within thirty days of receiving notice of the bill, the insurer must pay the bill even if the medical services did not result from the accident. We disagree with Perez and hold that the thirty-day period for payment in the PIP statute applies only to bills for treatment which is reasonable and necessarily incurred as a result of the accident. Inaction by the insurer does not result in the insurer having to pay a bill which it otherwise would not have to pay.
In section 627.736(1)(a), Florida Statutes (1999), medical benefits are defined as follows:
(a) Medical benefits.Eighty percent of all reasonable expenses for necessary medical, surgical, X-ray, dental, and rehabilitative services, including prosthetic devices, and necessary ambulance, hospital, and nursing services. [emphasis added.]
Section 627.736(1) requires insurers to provide these benefits for injury, etc. "arising out of the ownership, maintenance, or use of a motor vehicle." Further on, section 627.736(4), the subsection involved in Perez and this case, provides in part:
BENEFITS; WHEN DUEBenefits due from an insurer ... shall be due and payable as loss accrues, upon receipt of reasonable proof of such loss and the amount of expenses and loss incurred which are covered by the policy issued under ss. 627.730-627.7405.

*1112 * * *
(b) Personal injury protection insurance benefits paid pursuant to this section shall be overdue if not paid within 30 days after the insurer is furnished written notice of the fact of a covered loss and of the amount of same.... However, any payment shall not be deemed overdue when the insurer has reasonable proof to establish that the insurer is not responsible for the payment, notwithstanding that written notice has been furnished to the insurer....
(c) All overdue payments shall bear simple interest at the rate of 10 percent per year. [emphasis supplied.]
Under Perez, if the insured submits a bill for medical services, which on its face shows that it is not connected to the accident, the insurer must still obtain a written medical report stating that such care is unnecessary or unreasonable within thirty days. If it does not, it must pay the bill. We do not find any language in the statute which supports that interpretation. Nor can we think of any good reason why an insurer should have to go to the expense of obtaining a medical report, where it is apparent that the medical bill submitted is for treatment not related to the accident.
The Perez court relied on Fortune Insurance Co. v. Pacheco, 695 So.2d 394 (Fla. 3d DCA 1997). Pacheco, however, was distinguishable because in that case the insurer agreed that the benefits were due. The only issue was when the benefits were due. It also relied on Dunmore v. Interstate Fire Insurance Co., 301 So.2d 502 (Fla. 1st DCA 1974), but in Dunmore, as in Pacheco, the no-fault benefits were owed. The issue was whether, where the insurer did not pay the claim within thirty days, it had to pay attorney's fees under section 627.428, Florida Statutes.
In Jones v. State Farm Mutual Automobile Insurance Co., 694 So.2d 165, 166 (Fla. 5th DCA 1997), the insured sent the insurer a bill for knee surgery. In response, the insurer scheduled the insured for a physical examination about six weeks later. The insured responded with a lawsuit, refused to attend the physical examination, and the trial court granted the insurer's motion for summary judgment. The fifth district reversed the summary judgment in favor of the insurer, finding issues of fact, but made it clear that the insurer did not "lose its right to contest the claim."
In Fortune Insurance Co. v. Everglades Diagnostics, Inc., 721 So.2d 384, 385 (Fla. 4th DCA 1998), this court considered the provisions of section 627.736(4)(b) and (c) in determining whether the thirty-day overdue provision applied to demands for arbitration under section 627.736(5). We construed subsection (4)(b) and (c) as "merely" making the insurer liable for interest if payment is not made within 30 days from the notice. We observed that: "the function of the statute is to define when interest begins to accrue on unpaid PIP benefits." Id. at 385.
We conclude that the thirty-day period in section 627.736(4) applies only to benefits which are reasonable and necessary as a result of the accident. Section 627.736(4), Florida Statutes begins with the words "benefits due" and states in subsection (b) that "personal injury protection benefits paid pursuant to this section shall be overdue if not paid within thirty days." If an insured submits a bill for medical treatment which is not related to the accident, there are no "benefits due." If benefits are not due, they cannot be "overdue." As we observed in a PIP case involving a different issue: "an insurer is not liable for any medical expense to the extent that it is not a reasonable charge for a particular service or if the service is not necessary." Derius v. Allstate Indem. Co., 723 So.2d 271, 272 (Fla. 4th DCA 1998).
We interpret section 627.736(4) to mean that if PIP benefits are payable, they are due within thirty days after notice. If the insurer has refused to pay the bill within thirty days and does not have *1113 reasonable proof to establish that it is not responsible, then the insurer is liable for ten percent interest when the bill is paid. Failing to obtain proof that it is not responsible for payment, however, does not deprive the insurer of its right to contest payment.
We agree with Jones and answer the certified question in the negative. We certify direct conflict with Perez v. State Farm Fire & Casualty Co., 746 So.2d 1123 (Fla. 3d DCA 1999). Reversed.
POLEN and HAZOURI, JJ., concur.