PER CURIAM.
Allstate Insurance Company (“Allstate”) appeals from the partial summary judgment granted in favor of Ouida Schall for the amount of a bill for a neurological test for which Allstate denied payment under Schall’s personal injury protection (PIP) insurance coverage. Schall cross appeals the denial of the remainder of her motion for summary judgment, the denial of her motion for directed verdict, and the jury verdict against her.
Schall was injured in an automobile accident and she sought treatment for her injuries from a chiropractor licensed under section 460, Florida Statutes (1997). The chiropractor performed certain diagnostic tests including a nerve test which was performed on July 9, 1997. The bill for the nerve test was submitted to Allstate for payment under Schall’s PIP coverage on August 5,1997. Allstate sent the bill to MTC, Inc., for review thirty-four days later and received a report on October 7, 1997. Based upon the report’s determination that the nerve test was not medically necessary, Allstate denied payment of PIP benefits for the nerve test. Allstate also reduced payment on certain bills for Schall’s range of motion tests based upon *319 its determination that the bills exceeded the reasonable and customary charge for the same service in the geographic area. Schall filed suit against Allstate for payment of the bill for the nerve test which Allstate had determined was medically unnecessary and for payment of the balance of the bills for the range of motion tests.
Schall filed a motion for summary judgment on both claims. The trial court granted summary judgment for Schall on her claim for payment of the nerve test bill holding that Allstate did not pay or send the bill out for review within thirty days in violation of section 627.736(4)(b), Florida Statutes (1997). Allstate appeals this judgment. The trial court denied Schall’s motion for summary judgment on her claim for payment of the balance of the range of motion test bills holding that Allstate was not required to obtain a report from a physician licensed under the same chapter as the treating physician. The claim for the balance was presented to a jury and the jury returned a verdict for Allstate. Schall cross appeals the denial of her motion for summary judgment, her motion for directed verdict, and the jury’s verdict against her.
Allstate argues that the trial court erred in granting partial summary judgment for Schall on her claim for payment of the nerve test bill on the ground that Allstate did not pay or obtain reasonable proof that Allstate was not responsible for payment within thirty days of Allstate’s receipt of the bill as required by section 627.736(4)(b), Florida Statutes (1997). Allstate’s argument is supported by this court’s decision in AIU Insurance Co. v. Daidone, 760 So.2d 1110 (Fla. 4th DCA 2000) [1] in which this court held:
We interpret section 627.736(4) to mean that if PIP benefits are payable, they are due within thirty days after notice. If the insurer has refused to pay the bill within thirty days and does not have reasonable proof to establish that it is not responsible, then the insurer is liable for ten percent interest when the bill is paid. Failing to obtain proof that it is not responsible for payment, however, does not deprive the insurer of its right to contest payment.
Id. at 1112-1113. Thus, Allstate was not required to obtain reasonable proof that it was not responsible for payment within thirty days of its receipt of the nerve test bill in order to contest payment on the bill. The trial court erred in granting summary judgment for Schall on this claim and we reverse and remand for trial.
In denying Schall’s motion for summary judgment and her subsequent motion for directed verdict at trial on her claim for payment of the balance of the bills for the range of motion tests, the trial court held that an insurance company does not have to obtain a report from a physician licensed under the same licensing chapter as the treating physician in order to reduce the amount of payment on a bill for medical treatment. The trial court certified the same question to this court as one of great public importance:
Must an insurance company, who seeks to reduce bills for medical treatment, pursuant to section 627.736(l)(a), first obtain a report from a physician licensed under the same licensing chapter as the treating physician stating that the bills for treatment are not reasonable, pursuant to section 627.736(7)(a), Florida Statutes?
We agree with the trial court and note that this court has also recently answered this question in the negative. See Allstate Indent. Co. v. Derius, 773 So.2d 1190 (Fla. 4th DCA 2000). We affirm the trial court’s denials of Schall’s motions for summary judgment and for directed verdict.
*320 Schall also argues m her cross appeal that the trial court erred at trial in allowing Allstate to present to the jury the issue that the range of motion tests were not necessary because Allstate did not have reasonable proof that the tests were not necessary within thirty days of receiving the bills. As this court held in Dai-done, “[flailing to obtain proof that it is not responsible for payment, however, does not deprive the insurer of its right to contest payment.” 760 So.2d at 1113. See also Allstate Indem. Co. v. Derius, 773 So.2d 1190 (Fla. 4th DCA 2000). This and all other issues raised in the cross appeal are without merit and the jury’s verdict in favor of Allstate is affirmed.
We reverse the appeal and affirm the cross appeal.
WARNER, C.J., DELL and HAZOURI, JJ., concur.

. In Daidone this court certified conflict with Perez v. State Farm Fire and Cas. Co., 746 So.2d 1123 (Fla. 3d DCA 1999), rev. granted, United Auto. Ins. Co. v. Rodriguez, 767 So.2d 464 (Fla.2000).