780 So.2d 1010 (2001)
UNITED AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
Ciceron TIENNA, Appellee.
No. 4D00-1978.
District Court of Appeal of Florida, Fourth District.
March 28, 2001.
Hinda Klein of Conroy, Simberg & Ganon, P.A., Hollywood, for appellant.
Jeffrey A. Nussbaum of Law Office of Jeffrey A. Nussbaum, P.A., Davie, for appellee.
KAHN, LISA D., Associate Judge.
Ciceron Tienna alleges that he sustained injuries in an automobile accident on October 2, 1995. On or about October 30, 1995, Tienna submitted a claim for personal injury protection (PIP) benefits with United Automobile Insurance Company (UAI). When the insurance company refused to pay the medical bills submitted, Tienna sued. Tienna's amended complaint contained three (3) counts: count I, breach of contract; count II, failure to comply with section 627.736, Florida Statutes (1995); and count III, bad faith. The bad faith claim was abated pending the outcome of the PIP action.
Tienna filed a motion for partial summary judgment, arguing that UAI failed to comply with section 627.736(4)(b). This section requires PIP benefits to be paid within thirty (30) days after an insurer is furnished written notice of a covered loss (a claim). However, payment is not overdue after thirty days if the "insurer has reasonable proof to establish that the insurer is not responsible for the payment." § 627.736(4)(a), Fla. Stat. (1995). Section 627.736(7)(a) further provides that PIP benefits may not be withdrawn "unless the insurer first obtains a report by a physician licensed under the same chapter as the treating physician whose treatment authorization is sought to be withdrawn, stating that treatment was not reasonable, related, or necessary." In opposition to Tienna's motion, UAI filed the affidavits of two doctors who attested, inter alia, that Tienna's injuries may have been from a previous accident and that the treatment was not reasonable, related, or necessary.
The trial court granted Tienna's motion for partial summary judgment on counts I and II, relying on Perez v. State Farm Fire and Casualty Co., 746 So.2d 1123 (Fla. 3d DCA 1999), rev. granted sub nom., United Auto. Insurance Co. v. Rodriguez, 767 So.2d 464 (Fla.2000).[1]Perez held that *1011 the burden is on the insurance company to obtain the report required under section 627.736(7)(a) to verify a claim within thirty days after receipt of an application for benefits. Id. at 1125-26.
On May 4, 2000, the trial court entered an order on the final partial summary judgment of counts I and II. The order states that "[t]he Court determines, sitting in its factual capacity, finds [sic] the case of Perez v. State Farm, 3rd DCA Case No. 991481 Dade County directly on point and Plaintiff is entitled to damages in the amount of $6,935.00 plus statutory interest at a rate of 10% a year for which let execution issue." When the trial court rendered its final partial summary judgment ruling, it was required to follow the decision in Perez.[2] However, subsequent to the entry of the order on the final partial summary judgment, this court issued its decision in AIU Insurance Co. v. Daidone, 760 So.2d 1110 (Fla. 4th DCA 2000). The Daidone panel reaffirmed this court's reasoning in Derius v. Allstate Indemnity Co., 723 So.2d 271, 272 (Fla. 4th DCA), rev. denied, 719 So.2d 892 (Fla. 1998), that "an insurer is not liable for any medical expense to the extent that it is not a reasonable charge for a particular service or if the service is not necessary."[3] The panel certified its express and direct conflict with Perez, holding that if the insurer has refused to pay the bill within thirty days and does not have reasonable proof to establish that it is not responsible, this does not deprive the insurer of its right to contest payment. See Daidone, 760 So.2d at 1112-13. However, if the insurer has refused to pay the bill within thirty days and does not have reasonable proof to establish that it is not responsible, then the insurer is liable for ten percent interest when the bill is paid. See id.; § 627.736(4)(c), Fla. Stat. (1995). The thirty day provision in section 627.736(4)(b) sets forth when interest begins to accrue on unpaid PIP benefits. See Daidone, 760 So.2d at 1112; Fortune Ins. Co. v. Everglades Diagnostics, Inc., 721 So.2d 384, 385 (Fla. 4th DCA 1998).
The conflicting opinions in the numerous physician affidavits submitted in this matter create genuine issues of material fact regarding whether the treatment Tienna received was reasonable, related, or necessary. UAI physicians have attested that Tienna's injuries may not be related to the October 2, 1995, accident, but may be from a previous accident. Therefore, partial summary judgment on this issue was premature and must be reversed.[4]
FARMER and TAYLOR, JJ., concur.
NOTES
[1] The trial court's Order states: "This Court finds that the case of [Perez v. State Farm 3d DCA Case No. 991481] Opinion filed October 13, 1999, though from the Third District Court of Appeal is directly on point. There is no case specifically to the contrary in the Fourth District Court of Appeal, though Defendant argues that [Fortune Insurance Company v. Everglades Diagnostics 721 So.2d 384 (Fla. 4th DCA 1998) ] implies a contrary position."
[2] See State v. Hayes, 333 So.2d 51, 52 (Fla. 4th DCA 1976) (holding that a circuit court "in Florida is equally bound by a decision of a District Court of Appeal regardless of its appellate district").
[3] The Daidone panel's decision was also in direct, though not express, conflict with the Third District's decision in United Automobile Insurance Co. v. Viles, 726 So.2d 320 (Fla. 3d DCA 1998), rev. denied, 735 So.2d 1289 (Fla. 1999), to the extent that Viles requires that carriers obtain a medical report in order to preserve their right to defend a PIP claim.
[4] UAI also appeals the trial court's entering a partial final summary judgment on two counts of Tienna's amended complaint, and awarding Tienna damages that were subject to execution before the conclusion of the case. This is moot. Count III for bad faith has been abated and is still considered pending. Generally, partial final judgments are premature and erroneous. See Del Castillo v. Ralor Pharmacy, Inc., 512 So.2d 315 (Fla. 3d DCA 1987); Pointer Oil Co. v. Butler Aviation of Miami, Inc., 293 So.2d 389 (Fla. 3d DCA 1974). However, in cases involving a contractual claim for insurance coverage and an attendant bad faith claim, the courts have held that the bad faith claim should be abated or dismissed without prejudice until there is a determination of liability and damages owed on an insured's first party insurance contract. See Vest v. Travelers Ins. Co., 753 So.2d 1270, 1276 (Fla.2000); Blanchard v. State Farm Mut. Auto. Ins. Co., 575 So.2d 1289 (Fla. 1991); Liberty Mut. Ins. Co. v. The Farm, Inc., 754 So.2d 865 (Fla. 3d DCA 2000); Gen. Star Indem. Co. v. Anheuser-Busch Cos., Inc., 741 So.2d 1259, 1261 (Fla. 5th DCA 1999); Allstate Ins. Co. v. Baughman, 741 So.2d 624 (Fla. 2d DCA 1999); Doan v. John Hancock Mut. Life Ins. Co., 727 So.2d 400 (Fla. 3d DCA 1999). The determination of liability and damages must also include the appellate process. See Michigan Millers Mut. Ins. Co. v. Bourke, 581 So.2d 1368, 1369-70 (Fla. 2d DCA 1991).