SHAW, Senior Justice.
We granted review in Allstate Indemnity Co. v. Derius, 773 So.2d 1190 (Fla. 4th DCA 2000), based on conflict with Perez v. State Farm, Fire & Casualty Co., 746 So.2d 1123 (Fla. 3rd DCA 1999), quashed sub nom. United Automobile Insurance Co. v. Rodriguez, 808 So.2d 82 (Fla.2001). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.
The Fourth District Court of Appeal in Deñus held that a doctor’s written report is not required “as a condition precedent to reducing payment of a [PIP] bill” under *407 section 627.736(7)(a), Florida Statutes (1999).[1] Derius sought review in this Court based on conflict with Perez, wherein the Third District Court of Appeal held that, under a different PIP provision, an insurer must pay a medical bill unless the insurer first “obtain[s], within thirty days, a medical report providing ‘reasonable proof that it is not responsible for payment.” [2]
We have since decided United Automobile Insurance Co. v. Rodriguez, 808 So.2d 82 (Fla.2001), wherein we ruled that the above language in Perez was erroneous.[3] The conflict between Derius and Perez thus has been resolved, and we dismiss Derius. We deny Derius’s motion for attorney s fees because he is not the prevailing party before this Court.
It is so ordered.
ANSTEAD, C.J., and WELLS, PARIENTE and QUINCE, JJ., concur.
LEWIS, J., dissents.
CANTERO, J., recused.

. See Derius, ITS So.2d at 1191.

. See Perez, 746 So.2d at 1125 (emphasis omitted).

. See Rodriguez, 808 So.2d at 87.