452 So.2d 1056 (1984)
GISELA INVESTMENTS, N.V. and Continental Moving and Storage, Inc., by and through Their Assignees, Meekins-Bamman Prestress, Inc., Puritan Insurance Company and Pinetop Insurance Company, Appellants,
v.
LIBERTY MUTUAL INSURANCE COMPANY, Appellee.
No. 83-2491.
District Court of Appeal of Florida, Third District.
July 10, 1984.
*1057 George, Hartz, Burt & Lundeen and Clinton D. Flagg, Miami, for appellants.
Daniels & Hicks and Patrice A. Talisman, Miami, Richard E. Hardwick, Coral Gables, for appellee.
Before NESBITT, DANIEL S. PEARSON and FERGUSON, JJ.
FERGUSON, Judge.
A provision in a policy of insurance which prohibits assignment thereof except with consent of the insurer does not apply to prevent assignment of the claim or interest in the insurance money then due, after loss. West Florida Grocery Co. v. Teutonia Fire Insurance Co., 74 Fla. 220, 77 So. 209 (Fla. 1917). The trial court's holding to the contrary was incorrect.
We will not affirm the summary judgment entered herein on an alternative factual ground which was not specifically asserted by motion or argued to the trial court, and which was not supported by any evidence at the time of the hearing on the motion for summary judgment.[1] This case is distinguishable from other cases where summary judgment was affirmed for a reason other than that relied upon by the trial court. See, e.g., Szabo v. Ashland Oil Co., 448 So.2d 549 (Fla. 3d DCA 1984) (alternative ground set forth specifically in motion, argued to trial court and supported by evidence in the record at the time of hearing); Hester v. Gatlin, 332 So.2d 660 (Fla. 2d DCA 1976) (where trial court's erroneous rationale for entering summary judgment is based on a question of pure law rather than fact, appellate court can uphold summary judgment on an alternative legal ground).
REVERSED and remanded for further proceedings.
NOTES
[1] An affidavit pertaining to matters of fact, which would have supported the appellee's alternative ground for summary judgment was filed nine days after hearing on the motion and without leave of court or notice to appellants. Appellants contend that they had deposed a witness whose testimony would have contradicted the affidavit of appellee's witness. A deposition of that testimony was not filed because it was unrelated to the legal question presented in the motion for summary judgment.