SCHWARTZ, Chief Judge.
This action was terminated below on statute of limitation grounds. The judgment represents an aggravated and obviously unacceptable case of both a reliance upon a meaningless technicality concerning the precise status of the corporate defendant as designated in the original complaint and the use of the ambush school of litigation in which the alleged defect was revealed only after the statutory period provided by section 607.297, Florida Statutes (1985) had already run. It is' therefore reversed. Cabot v. Clearwater Constr. Co., 89 So.2d 662 (Fla.1956); Argenbright v. J.M. Fields Co., 196 So.2d 190 (Fla. 3d DCA 1967), cert. denied, 201 So.2d 895 (Fla.1967); Galuppi v. Viele, 232 So.2d 408 (Fla. 4th DCA 1970), cert. denied, 238 So.2d 109 (Fla.1970). The lessons sought to be taught by such cases as Sobel v. Jefferson Stores, Inc., 459 So.2d 433 (Fla. 3d DCA 1984) have apparently yet to be learned.