703 So.2d 1107 (1997)
Shirley FOSTER, Appellant,
v.
James M. FOSTER, Mildred S. Myers, O.W. Foster & Sons, Inc., a Florida Corporation, and First Union National Bank of Florida, Appellees.
No. 96-04132.
District Court of Appeal of Florida, Second District.
November 7, 1997.
Rehearing Denied December 8, 1997.
*1108 Susan W. Fox of MacFarlane Ferguson & McMullen, Tampa, for Appellant.
Patti W. Woodruff and Rod B. Neuman of Gibbons, Smith, Cohn & Arnett, P.A., Tampa, for Appellees.
PATTERSON, Acting Chief Judge.
Shirley Foster appeals from a final judgment of re-foreclosure granted on the appellees' counterclaim. We reverse.
Shirley and her husband, Andrew, jointly owned a 25% undivided interest in a $2,500,000 note and mortgage encumbering the Dauphine Apartments. In the process of their dissolution of marriage in 1985, they entered into a marital settlement agreement wherein Shirley agreed to convey her interest in the note and mortgage to Andrew. In return, Andrew agreed to give Shirley a promissory note in the amount of $185,000 to be secured by and repaid from his 25% interest in the Dauphine note and mortgage.
Shirley conveyed her interest in the Dauphine note and mortgage to Andrew. Andrew delivered his promissory note in the amount of $185,000 to Shirley. As security, he delivered a document entitled "Assignment of Undivided Interest In Mortgage As Collateral Security," which in pertinent part states:
[Andrew Foster] does hereby assign, transfer and set over to [Shirley Foster] a portion of [Andrew Foster's] undivided one-fourth (1/4) interest in that certain Mortgage made by Dauphine, Limited ... together with a portion of [Andrew Foster's] undivided one-fourth (1/4) interest in the promissory note therein described, with the full benefit of all pow ers, rights and remedies expressly or impliedly contained therein and conferred thereby upon [Andrew Foster].
The portion of the foregoing Mortgage assigned hereunder is specifically limited to that part sufficient to satisfy [Andrew Foster's] obligation to [Shirley Foster] evidenced by the promissory note referred to below....
....
[I]f [Andrew Foster], his heirs or assigns, shall pay to [Shirley Foster] the sum of One Hundred Eighty-Five Thousand and No/100 Dollars ($185,000.00) according to the terms of a certain Promissory Note dated October 9th, 1985, in the principal sum of $185,000.00 plus applicable interest, then this Assignment shall be void, the same being given solely for the purpose of securing the payments of said sum and interest.
This assignment was duly recorded in the Official Records of Hillsborough County.
In 1989, Dauphine, Ltd., the mortgagor, defaulted on the Dauphine mortgage. The holders of the note and mortgage, Andrew Foster, James M. Foster, Mildred Myers, and Stephen Foster, foreclosed and bought the property at foreclosure sale. A certificate of title was issued to Andrew, James, Mildred, and Steven in interests of 25% each. *1109 Shirley was not made a party to the foreclosure action. Stephen and Andrew each conveyed their interest in the property to O.W. Foster & Sons, Inc., a family-owned corporation. In addition, the property was refinanced with First Union National Bank of Florida. Andrew continued to make payments on his note to Shirley until early 1992. When the payments ceased, Shirley made demand for payment, accelerated the balance due, and initiated this action against the appellees, James, Mildred, O.W. Foster & Sons, Inc., and First Union, to foreclose her interest in the Dauphine mort gage. The appellees brought a counterclaim to re-foreclose the original Dauphine mortgage as to Shirley's interest, contending it was an inferior lien which derived from Andrew and Shirley's marital settlement agreement. The trial court agreed and entered summary judgment in their favor, from which this appeal is taken.
The trial court misconstrued the nature of Shirley's interest. While she may have become entitled to her interest by reason of the marital settlement agreement, that interest in the Dauphine note and mortgage derives from Andrew's assignment, not from the marital settlement agreement.
The law is clear that an assignee of a mortgage has the same status and rights as if he or she had been named in the mortgage. See Proctor v. Hearne, 100 Fla. 1180, 131 So. 173 (1930). In other words, the assignee "stands in the shoes" of the assignor. See United of Fla., Inc. v. Illini Fed. Sav. & Loan Ass'n, 341 So.2d 793 (Fla. 2d DCA 1977). Shirley's interest in the Dauphine mortgage is equal to that of the other mortgagees and remains an encumbrance on the property. We, therefore, reverse and remand with directions that the trial court enter judgment in favor of Shirley on the appellees' counterclaim and permit her to continue her original action.
Reversed and remanded.
ALTENBERND and NORTHCUTT, JJ., concur.