811 So.2d 705 (2002)
MEDICAL MANAGEMENT GROUP OF ORLANDO, INC., Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.
No. 5D01-1123.
District Court of Appeal of Florida, Fifth District.
February 8, 2002.
Rehearing Denied March 26, 2002.
*706 Lester J. Perling and Teri L. DiGiulian, of Broad and Cassel, Ft. Lauderdale, for Appellant.
Paul L. Nettleton and Nancy C. Ciampa, of Carlton Fields, P.A., Miami, for Appellee.
HARRIS, J.
Medical Management Group of Orlando, Inc. (hereinafter "MMGO") sued State Farm Mutual Automobile Insurance Company (hereinafter "State Farm") for PIP benefits under an arrangement MMGO had with Premier Advanced Imaging Network, which performed the MRI involved in this action. The trial court granted summary judgment in favor of State Farm and this appeal followed.
The underlying facts are these. Ginel, insured by State Farm, was injured in an automobile accident. Her doctor recommended an MRI at an "MRI facility in Orlando." Somehow this recommendation was made known to MMGO, which is not a medical provider but had referred the patient to Premier under an arrangement whereby MMGO "leased" space, equipment and services from Premier, which performed the MRI. Premier billed MMGO $350 for the MRI and MMGO, in turn, billed State Farm $1,400 for it.
MMGO justifies this arrangement as a free enterprise commercial venture based on the common law right of assignment, claiming an assignment of the patient's right under his insurance policy and an assignment from Premier of its right to bill a commercially reasonable fee. We agree with the trial judge that the arrangement is nothing more than a feesplitting scheme to compensate for MRI referrals prohibited by section 817.505, Florida Statutes.
We also agree with the court in Federated National Insurance Co. v. Physicians Charter Services, 788 So.2d 403 (Fla. 3d DCA 2001), that a company such as MMGO is not entitled to be compensated for PIP benefits. Section 627.736(1)(a) provides that the insurer must pay 80% of the "medically necessary medical ... services." We do not find that providing referral and billing services constitutes medical services under the PIP provisions. This is similar to the Medicare limitation on the requirement to pay for "medical care." In Central States, Southeast and Southwest Areas Health and Welfare Fund v. Pathology Laboratories of Arkansas, P.A., 71 F.3d 1251 (7th Cir.1995), the court recognized a distinction between services which were medical and those which were merely professional components of the billing. There is simply nothing medically necessary about a billing which compensates for the referral to a particular *707 MRI provider and/or the cost of billing for the provider's services.
AFFIRMED.
COBB and ORFINGER, R.B., JJ., concur.