932 So.2d 547 (2006)
TRAVEL COUNTRY RV CENTER, INC., Appellant,
v.
Lester BAXTER, Loretta Baxter, Damon Corporation, and Citizens Automobile Finance, Inc., Appellees. and
Damon Corporation, Appellant,
v.
Lester Baxter, Loretta Baxter, Travel Country RV Center, Inc., and Citizens Automobile Finance, Inc., Appellees.
Nos. 1D05-5460, 1D05-5846.
District Court of Appeal of Florida, First District.
June 27, 2006.
Bruce Brashear of Brashear & Associates, P.L., Gainesville, for Appellant Travel Country RV Center, Inc. in Case No. 1D05-5846.
David M. Robertson of Sellers, Prevatt & Robertson, Live Oak, for Appellees Lester and Loretta Baxter in Case No. 1D05-5846.
Kimberly A. Ashby of Akerman Senterfitt, Orlando, for Appellant Damon Corporation in Case No. 1D05-5460.
*548 David M. Robertson of Sellers, Prevatt & Robertson, Live Oak, for Appellees Lester and Loretta Baxter in Case No. 1D05-5460.
PER CURIAM.
In case number 1D05-5846, appellant, Travel Country RV Center, Inc. ("Travel Country"), appeals the trial court's denial of its motion to transfer venue of the case against it, Damon Corporation, and Citizens Automobile Finance, Inc. In case number 1D05-5460, appellant, Damon Corporation, appeals the trial court's denial of its motion to transfer venue of the same case. The appeals are consolidated for purposes of this opinion. Because we agree with Travel Country that the trial court erred in not honoring the venue selection clause contained in Travel Country's purchase agreement with appellees, Lester and Loretta Baxter, we reverse the trial court's order denying its motion and remand for further proceedings. This disposition renders Damon Corporation's appeal moot.
Appellees filed suit in Suwannee County against appellants and Citizens Automobile Finance, Inc. after purchasing an allegedly defective motor home manufactured by Damon Corporation and sold by Travel Country. Damon Corporation moved to transfer venue to Columbia County. The trial court denied the motion, finding that one count of appellees' eleven-count complaint, a breach of contract action against Damon Corporation, accrued in Suwannee County. Travel Country also filed a motion to transfer venue to Columbia County, relying on its purchase agreement with appellees in which the parties agreed that "[a]ny action arising under this agreement or between the parties hereto is agreed to be brought in the court of appropriate jurisdiction in Columbia County, Florida." The trial court denied Travel Country's motion, reasoning that "[b]ecause venue is proper in Suwannee County, Florida as to Damon Corp., the forum selection clause contained in the Purchase Agreement entered between Travel Country and Plaintiffs does not override or preclude Plaintiffs' right and privilege to select Suwannee County, Florida as the venue for this action." These appeals followed.
A trial court must honor a mandatory venue selection clause in the absence of a showing that the clause is unjust or unreasonable. Manrique v. Fabbri, 493 So.2d 437, 440 (Fla.1986); Mgmt. Computer Controls, Inc. v. Charles Perry Constr., Inc., 743 So.2d 627, 631 (Fla. 1st DCA 1999). Appellees acknowledged below that the venue selection clause at issue is mandatory with respect to their claims against Travel Country and made no argument that the clause is unjust or unreasonable. Appellees instead argue that their choice of venue as to Damon Corporation should release them from their contractual obligation to bring suit against Travel Country in Columbia County. However, it makes no difference that venue as against Damon Corporation may be proper in Suwannee County. By bringing suit against Travel Country and Damon Corporation as co-defendants and by failing to establish that the venue selection clause is unjust or unreasonable, appellees are bound by the venue selection clause as to both appellants and must bring the case in Columbia County. The trial court erred in not honoring the clause and in denying Travel Country's motion.
Accordingly, we REVERSE the trial court's order denying Travel Country's motion to transfer venue to Columbia County and REMAND for further proceedings. Given our disposition in Travel *549 Country's appeal, we DISMISS Damon Corporation's appeal as moot.
ALLEN, LEWIS, and HAWKES, JJ., concur.