SHAHOOD, C.J.
Prosper Diagnostic Centers, Inc. (“Prosper”) petitions this court for a writ of certiorari to quash an order of the Seventeenth Judicial Circuit Court affirming, in its appellate capacity, the county court’s grant of final summary judgment in favor of Allstate Insurance Co. (“Allstate”). We hold that the circuit court applied the correct law to the case. We therefore deny the petition.
Allstate’s insured was referred to Prosper for an MRI following an automobile *764 accident. Prosper had a “lease agreement” with a separate facility called the MRI Scan Center. Under the agreement, Prosper paid a monthly fee to the MRI Scan Center for twenty hours of use of the MRI equipment. Prosper paid the fee whether it actually used the full twenty hours in a month or not. The MRI Scan Center administered the technical component of the insured’s MRI, and Dr. Robert L. Kagan, M.D., P.A., provided the professional (interpretive) component.
Prosper sought compensation for the MRI from Allstate. Allstate denied payment on the grounds that the amount Prosper sought for the insured’s MRI was not compensable. Prosper brought suit seeking payment pursuant to an assignment of benefits executed in its favor by the insured. The county court granted final summary judgment in favor of Allstate on the basis that the undisputed facts showed Prosper rendered no professional or technical services at all pertaining to the MRI. The county court found that the “lease agreement” violated the prohibition against fee splitting and patient brokering of section 817.505(l)(b), Florida Statutes (2002).
Prosper appealed to the circuit court, adding a challenge to the constitutionality of section 817.505(l)(b) on grounds of vagueness and overbreadth. The circuit court affirmed. The circuit court also rejected Prosper⅛ constitutional challenge, citing State v. Rubio, 917 So.2d 383 (Fla. 5th DCA 2005). This certiorari proceeding followed.
“Certiorari is not a vehicle to allow a second appeal.” Dep’t of Hwy. Safety & Motor Vehicles v. Pitts, 815 So.2d 738, 742 (Fla. 1st DCA 2002). When a circuit court is acting in its appellate capacity, a district court reviews orders of that court to determine whether the circuit court afforded procedural due process and applied the correct law. Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995). The Florida Supreme Court has stated that a district court “should exercise its discretion to grant certiorari review only when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice.” Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 889 (Fla.2003) (emphasis in original).
Prosper contends that section 817.505, Florida Statutes (2002), was held unconstitutional by the Florida Supreme Court in State v. Harden, 938 So.2d 480 (Fla.2006). In Harden, the supreme court held that Florida’s Medicaid anti-kickback statute, section 409.920(2)(e), Florida Statutes (2000), was preempted by the federal anti-kickback statute. 938 So.2d at 493. Prosper asserts that Harden held section 817.505(l)(b) unconstitutional by implication. In Rubio, the Fifth District contrasted section 817.505 from section 409.920 on the grounds that section 817.505 contained a “safe harbor” provision that provided it did not apply to payment practices not prohibited by federal law. See § 817.505(3)(a), Fla. Stat. (2002). Our supreme court recently adopted the Fifth District’s reasoning and upheld the constitutionality of the statute. State v. Rubio, No. SC06-157, — So.2d-, 2007 WL 2002586 (Fla. July 12, 2007). The prohibitions against fee splitting and patient brokering of section 817.505(l)(b) were correctly applied to the present case.
The county and circuit courts found this case factually indistinguishable from Medical Management Group of Orlando, Inc. v. Stale Farm Mutual Auto. Insurance Co., 811 So.2d 705 (Fla. 5th DCA 2002). That decision affirmed a trial court’s denial of compensation to Medical Management Group where it performed neither the professional nor the technical component of the MRI itself and contract *765 ed the MRI services out to another entity-pursuant to a “lease” arrangement. Med. Mgmt. Group, 811 So.2d at 706. The circuit court in this case noted that the Fifth District reached the opposite conclusion in Regional MRI of Orlando, Inc. v. Nationwide Mutual Fire Insurance Co., 884 So.2d 1102 (Fla. 5th DCA 2004). In that case, Regional MRI performed the technical component of the MRI scan itself and only sent the scan out to a radiologist for professional interpretation. Reg’l MRI, 884 So.2d at 1108.
The undisputed facts of the present case are squarely in line with Medical Management Group. We conclude that the circuit court applied the correct law to this case.

Denied.

WARNER and STEVENSON, JJ., concur.