10 So.3d 1106 (2009)
GABLES INSURANCE RECOVERY, INC., a/a/o Maria Carmen Ovalle, Petitioner,
v.
SEMINOLE CASUALTY INSURANCE COMPANY, Respondent.
No. 3D08-2528.
District Court of Appeal of Florida, Third District.
April 1, 2009.
Rehearing and Rehearing En Banc Denied June 11, 2009.
Billbrough & Marks and G. Bart Billbrough, Coral Gables, for petitioner.
Richard A. Sherman, Fort Lauderdale; Felipe E. Diez, Miami, for respondent.
Before WELLS and ROTHENBERG, JJ., and SCHWARTZ, Senior Judge.
WELLS, Judge.
Gables Insurance Recovery, Inc. seeks second-tier certiorari review of a final summary judgment in insurer, Seminole Casualty Insurance Company's favor. Because we agree that a departure from the essential requirements of the law resulting in a miscarriage of justice has been demonstrated, we grant the petition for writ of certiorari, quash the order of the circuit court rendered in its appellate capacity, and remand the cause to the circuit court for further proceedings consistent with this opinion. See City of Deerfield Beach v. Vaillant, 419 So.2d 624, 626 (Fla.1982) (finding that, on second-tier certiorari, the district court must determine "whether the circuit court afforded procedural due process and applied the correct law"); see also Miami-Dade County v. Omnipoint Holdings, Inc., 863 So.2d 195, 199 (Fla. *1107 2003) (concluding that the two-pronged scope of review on second-tier certiorari "is simply another way of deciding whether the lower court `departed from the essential requirements of the law' ... [which] amounts to `a violation of a clearly established principle of law resulting in a miscarriage of justice'") (quoting Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995), and Tedder v. Fla. Parole Comm'n, 842 So.2d 1022, 1024 (Fla. 1st DCA 2003)).
This action stems from a February 2006 automobile accident in which insured Maria Carmen Ovalle was injured. Seminole is her personal injury protection (PIP) insurer. Days after the accident, Ovalle started receiving medical care from Atlantic Medical Specialty, Inc. and executed a document titled "ASSIGNMENT OF BENEFITS/POLICY RIGHTS." This document purported to assign Ovalle's rights and benefits under her PIP insurance policy to Atlantic although it failed to expressly name Atlantic as the medical provider/assignee referred to in the document.
Seminole thereafter paid approximately $2,600 of the $8508.32 billed by Atlantic for medical services provided to Ovalle. However, when Seminole stopped reimbursing Atlantic for Ovalle's care, Atlantic executed a document titled "Assignment of Benefits," in which it authorized Ovalle's PIP insurer to pay to Gables, a billing service, any sums owing to it (Atlantic) as medical provider under the previous assignment from Ovalle. When Seminole failed to pay the balance allegedly due for Atlantic's services to Ovalle, Gables sued for breach of contract (for failure to pay benefits due) and for a declaratory judgment.
Gables subsequently moved for summary judgment claiming that the bills for which it was seeking payment were for reasonable and medically necessary services to Ovalle. Seminole defended that motion claiming that some of the bills submitted were not reasonable, related or necessary. Seminole also moved for summary judgment claiming (1) that under this Court's decision in Federated National Insurance Co. v. Physicians Charter Services, 788 So.2d 403 (Fla. 3d DCA 2001), PIP benefits are not payable to third parties who do not perform medical services, and (2) that "the initial Assignment of Benefits that was allegedly signed by Ms. Ovalle is legally inadequate because it failed to name the purported assignee, Atlantic Medical Specialty, Inc."
Gables' motion was denied and Seminole's motion granted because the trial court concluded that the initial assignment executed by Ovalle was ambiguous for failing to expressly name Atlantic as the medical provider to which it referred. Based on this determination, the trial court refused to address whether non-medical third parties such as Gables may recover PIP benefits. The decision was affirmed by the circuit court on direct appeal. On this petition for writ of certiorari, we find that the trial court's conclusion that the initial assignment is ambiguous acknowledges the existence of a fact issue which precludes summary judgment. See, e.g., Birwelco-Montenay, Inc. v. Infilco Degremont, Inc., 827 So.2d 255, 256 (Fla. 3d DCA 2001) ("Summary judgment is inappropriate where the contract at issue is susceptible of two interpretations"); see also Langford v. Paravant, Inc., 912 So.2d 359, 360-61 (Fla. 5th DCA 2005) (stating that "when content of an agreement is ambiguous ... the issue of proper interpretation becomes one of fact, precluding summary judgment"). For this reason alone, the summary judgment in Seminole's favor cannot stand and certiorari should be granted.
*1108 We also note that any ambiguity regarding the identity of the initial assignee is easily rectified.[1] Additionally, our decision in Federated does not preclude valid assignments of PIP benefits to non-medical providers as our sister court in Professional Consulting Services, Inc. v. Hartford Life and Accident Insurance Co., 849 So.2d 446, 447, 448 (Fla. 2d DCA 2003), has more recently confirmed:
In Physicians Charter, the Third District reversed summary judgments against the PIP insurer, holding that because Physicians Charter did not provide medical services, it could not collect PIP policy benefits. 788 So.2d at 404 ("There is no provision in Florida's personal injury protection statutes for the payment of policy benefits to a third party who has not performed medical services."). But the few facts in that opinion do not reveal whether Physicians Charter held an assignment of benefits from the insured. As such, we do not believe it controls the question in this case.
Generally, rights under a contract are assignable. See New Holland, Inc. v. Trunk, 579 So.2d 215, 217 (Fla. 5th DCA 1991). In keeping with this policy, Florida law generally authorizes assignments of after-loss claims under insurance policies. See Lexington Ins. Co. v. Simkins Indus., Inc., 704 So.2d 1384, 1386 n. 3 (Fla.1998) (recognizing that insured may assign proceeds of policy covering lost business income to a third party after the loss); Gisela Inv. N.V. v. Liberty Mut. Ins. Co., 452 So.2d 1056, 1057 (Fla. 3d DCA 1984) ("A provision in a policy of insurance which prohibits assignment thereof except with consent of the insurer does not apply to prevent assignment of the claim or interest in the insurance money then due, after loss."). It is beyond question that ... he insured [in this case], is entitled to demand payment under ... [her] PIP policy. See [United Auto. Ins. Co. v.] Rodriguez, 808 So.2d [82] at 83 [[Fla.2001]]. If her assignment to Professional [a billing agency] was valid, Professional "stands in her shoes" and has the same rights and status that she does. See Foster v. Foster, 703 So.2d 1107, 1109 (Fla. 2d DCA 1997).
....
In summary, we hold that a PIP insured may assign an after-loss claim to a third party who is not a medical provider.
Consequently, we conclude that the court below departed from the essential requirements of the law resulting in a miscarriage of justice in granting summary judgment in Seminole's favor over a concededly ambiguous assignment. The decision on review is therefore quashed with this matter remanded to the circuit court to reverse the summary judgment entered below.
SCHWARTZ, Senior Judge (specially concurring).
I concur because the subject of the so-called "ambiguity"whether the name of the assignor-provider, whose actual identity was never in doubt, was on the right place on the formwas utterly meaningless, so that, however resolved, it could not conceivably justify a denial of liability. See Rader v. Prather, 100 Fla. 591, 130 So. 15 (1930); Mayedo v. Oolite Indus., Inc., 566 So.2d 879 (Fla. 3d DCA 1990). The affirmance of the directly contrary conclusion of the county court granting summary judgment for the insurer on that ground *1109 was thus a genuine, even outrageous, miscarriage of justice.
NOTES
[1] Ovalle has in fact submitted an affidavit confirming that Atlantic is the provider to which she intended to assign her PIP benefits and to which the initial assignment refers.