# Third District Court of Appeal

## State of Florida

Opinion filed October 19, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1348
Lower Tribunal No. 19-36841
_____

**Kwaku Adjei, et al.,**
Appellants,

vs.

**First Community Insurance Company,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Alan Fine, Judge.

Font & Nelson, PLLC, Jose P. Font, and Christopher Herrera (Fort Lauderdale), for appellants.

Cole, Scott & Kissane, P.A., and Mark D. Tinker (Tampa), for appellee.

Before LOGUE, MILLER, and BOKOR, JJ.

MILLER, J.

Appellants, Jeremiah and Joel Adjei, as assignees of Kwaku and Beatrice Adjei, challenge a final order dismissing their breach of contract lawsuit against appellee, First Community Insurance Company, for lack of standing. The primary issue on appeal is whether applying section 627.7152, Florida Statutes (2019), to the assignment of a claim for post-loss insurance benefits under a policy issued prior to enactment of the statute is constitutionally authorized.[1] Concluding that applying the statute to the assignment in this case does not constitute an impermissible retroactive application, we affirm.

## BACKGROUND

In 2016, First Community issued a residential homeowner's policy to the named insureds, Kwaku and Beatrice Adjei. After their property sustained damage during Hurricane Irma, the named insureds submitted a claim under the policy. First Community paid a portion of the claimed damages. The named insureds filed suit against First Community but later voluntarily dismissed the case.

---

[1] We summarily reject the notion that section 627.7153, Florida Statutes (2019), which governs anti-assignment provisions in insurance policies, has any application to this case. The statute was enacted three years after the policy issued, and the policy is devoid of any anti-assignment clause. Moreover, we find no abuse of discretion in the dismissal "with prejudice."

2

On July 1, 2019, section 627.7152, Florida Statutes, took effect. Over three months later, the named insureds assigned their benefits under the policy to their children, appellants.[2] The assignment stated in its entirety:

> I, Beatrice Adjei and Kwaku Adjei, hereby assign Joel Adjei and Jeremiah Adjei any and all rights and benefits that I have in relation to any and all insurance policies that were maintained in relation to the residence located at 17168 SW 144th Place, Miami, FL 33177, including but not limited to the policy that was maintained by First Community Insurance Company, and identified by policy number 09-0011605944-4-02 in relation to claim number 17-7275. This assignment as stated is in consideration of the fact that the referenced residence has served, and continues to serve as Joel and Jeremiah Adjei's primary residence in relation to this agreement to insure maintenance repairs and they have been agreed to maintain, repair or otherwise take responsibility for the various others obligations and they have liabilities associated with the ownership of the residence.

Relying upon the assignment, appellants filed suit against First Community. The trial court dismissed early iterations of the complaint, without prejudice, on the basis the assignment failed to comply with the requirements of section 627.7152, Florida Statutes. The named insureds then attempted to file suit in their own names. The court dismissed that claim, too, and appellants eventually filed a fourth amended petition for declaratory relief. In the complaint, appellants sought a declaration as to

_____

[2] The assignment is undated, but the parties agree it was executed on October 25, 2019.

their rights and remedies under the policy. Part and parcel with their factual allegations, appellants contended they were not service professionals but rather the children of the named insureds.

First Community again sought dismissal on the basis that appellants lacked standing because the assignment of benefits failed to conform with section 627.7152, Florida Statutes. In furtherance of its motion, First Community contended the assignment was noncompliant because it omitted essential items, including the assignees' signatures, a rescission provision, a cost estimate, an indemnification clause, a boilerplate statutory notice provision, and language confirming that the assignees would furnish the insurer with a copy of the agreement within three business days after either execution or commencement of work.

Appellants countered by arguing that the assignment was not subject to the requirements of section 627.7152, Florida Statutes, because it did not fall within the statutory definition of "assignment agreement," and applying the statute to the assignment of a claim under a 2016 policy constituted an unconstitutional impairment of contract. After entertaining argument, the trial court dismissed the case. Appellants unsuccessfully sought rehearing, and the instant appeal ensued.

4

## STANDARD OF REVIEW

"A de novo standard of review applies when reviewing whether a party has standing to bring an action," Boyd v. Wells Fargo Bank, N.A., 143 So. 3d 1128, 1129 (Fla. 4th DCA 2014), and the dismissal of a complaint with prejudice, Sanchez v. County of Volusia, 331 So. 3d 853, 854 (Fla. 5th DCA 2021). Similarly, we review de novo whether applying section 627.7152, Florida Statutes, to an assignment of benefits under a policy incepted prior to the enactment of the statute is constitutionally permissible.

## ANALYSIS

First enacted in 2019, section 627.7152, Florida Statutes, regulates certain assignment agreements "seek[ing] to transfer insurance benefits from the policyholder to a third party."[3] Total Care Restoration, LLC v. Citizens Prop. Ins. Corp., 337 So. 3d 74, 76 (Fla. 4th DCA 2022). The statute applies to any assignment of post-loss benefits "to or from a person providing services to protect, repair, restore, or replace property or to mitigate against further damage to the property" executed on or after July 1, 2019. § 627.7152(1)(b), (13), Fla. Stat.

---

[3] The 2019 version of section 627.7152, Florida Statutes, is the applicable version in this case because that is the version of the statute that was in effect when the assignment was executed. The statute has since been amended, most recently in 2022. Ch. 2022-2-D, § 18, Laws of Fla.

The statute contains a "checklist" of terms that must be included within any such assignment agreement. Included among the requirements is that the assignment must be in writing, executed by and between the assignor and the assignee, and contain several boilerplate provisions regarding liability, rescission, and delivery of the agreement to the insurer. See § 627.7152(2)(a), Fla. Stat. Statutorily noncompliant assignment agreements, without exception, are deemed "invalid and unenforceable." § 627.7152(2)(d), Fla. Stat.

Appellants do not contend their assignment is statutorily compliant. Rather, they claim their assignment is not subject to the reach of section 627.7152, Florida Statutes, because it was not "to or from a person providing services to protect, repair, restore, or replace property or to mitigate against further damage to the property." § 627.7152(1)(b) Fla. Stat.

While not every assignment triggers the requirements of section 627.7152, Florida Statutes, here, the plain language of the assignment belies appellants' claim that they did not agree to restore or repair the property. The assignment specifically provides that appellants warrant to "insure maintenance repairs" and "agree[] to maintain, repair or otherwise take responsibility for the various other obligations" of ownership. Consequently,

6

the assignment, as drafted, implicates the statutory scheme. Thus, we turn our examination to the constitutional concerns.

Article 1, Section 10 of the Constitution of the United States prohibits any state from passing "a valid law or enactment impairing the obligation of contracts." State ex rel. Sovereign Camp, W.O.W. v. Boring, 164 So. 859, 865 (Fla. 1935). Correspondingly, article 1, section 10 of the Florida Constitution provides that "No . . . law impairing the obligation of contracts shall be passed." Art. I, § 10, Fla. Const. Consistent with these provisions, the Florida Supreme Court has construed contractual impairment as a "wall of absolute prohibition." State, Dep't of Transp. v. Edward M. Chadbourne, Inc., 382 So. 2d 293, 297 (Fla. 1980).

"Determining proper limitations on the temporal reach of statutes," however, "is a recurring problem in the law." R.A.M. of S. Fla., Inc. v. WCI Communities, Inc., 869 So. 2d 1210, 1215 (Fla. 2d DCA 2004). Ordinarily, procedural statutes apply retroactively, while substantive measures are presumed to apply prospectively. See Young v. Altenhaus, 472 So. 2d 1152, 1154 (Fla.1985). That is not to say that substantive statutes cannot apply retroactively. Rather, they may be applied retroactively only if a two-prong inquiry is satisfied:

> [T]he court must first determine if there is "clear evidence of legislative intent to apply the statute retrospectively."

7

[Metropolitan Dade County. v. Chase Fed. Hous. Corp., 737 So. 2d 494, 499 (Fla. 1999)].  Once the first inquiry is made, and only "[i]f the legislation clearly expresses an intent that it must apply retroactively, then the second inquiry is whether retroactive application is constitutionally permissible."  Id. (citing State Farm Mut. Auto. Ins. v. Laforet, 658 So. 2d 55, 61 (Fla.1995)); see also Florida Hosp. Waterman, Inc. v. Buster, 984 So. 2d 478, 487 (Fla. 2008) ("[A] retroactivity analysis is two-pronged, asking first if the relevant provision provides for retroactive application, and second if such application is constitutionally permissible.").

Fla. Ins. Guar. Ass'n, Inc. v. Devon Neighborhood Ass'n, Inc., 67 So. 3d 187, 194 (Fla. 2011) (third and fourth alteration in original).

As reiterated recently by Justice Canady, "sometimes '[t]he distinction between substantive and procedural law is neither simple nor certain.'" Love v. State, 286 So. 3d 177, 183 (Fla. 2019) (alteration in original) (quoting Caple v. Tuttle's Design-Build, Inc., 753 So. 2d 49, 53 (Fla. 2000)).  Despite this lack of clarity, it is abundantly clear that laws that "would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed" are substantive in nature.  Landgraf v. USI Film Prod., 511 U.S. 244, 280 (1994).  Conversely, statutes that involve "the means and methods to apply and enforce those duties and rights" are deemed procedural.  Alamo Rent-A-Car, Inc. v. Mancusi, 632 So. 2d 1352, 1358 (Fla. 1994).  A retroactive application of procedural statutes is permissible because "no one has a vested interest

in any given mode of procedure." State v. Kelley, 588 So. 2d 595, 597 (Fla. 1st DCA 1991).

In accord with these principles, "it is generally accepted that the statute in effect at the time an insurance contract is executed governs substantive issues arising in connection with that contract." Hassen v. State Farm Mut. Auto. Ins. Co., 674 So. 2d 106, 108 (Fla. 1996). Here, rather than address the omission of the "checklist" within the assignment agreement, appellants rely upon the Florida Supreme Court's decision in Menendez v. Progressive Express Insurance Co., 35 So. 3d 873 (Fla. 2010), for the proposition that portions of the statute not implicated in this case—a pre-suit notice requirement and fee shifting provision—impair substantive contractual rights. We decline the invitation to render an advisory opinion as to the retroactivity of these two provisions and instead confine our analysis, as we must, to the issue at hand—namely, whether requiring the inclusion of the statutory "checklist" in the instant assignment runs afoul of constitutional concerns.

It is axiomatic that a Florida policyholder is ordinarily authorized to freely assign a post-loss insurance claim. See § 627.422, Fla. Stat. (2022); Citizens Prop. Ins. Corp. v. Ifergane, 114 So. 3d 190, 195 (Fla. 3d DCA 2012) ("Post-loss insurance claims are freely assignable without the consent of the insurer."); Bioscience W., Inc. v. Gulfstream Prop. & Cas. Ins. Co., 185 So.

9

3d 638, 643 (Fla. 2d DCA 2016) (same); see also Raven Env't. Restoration Servs., LLC v. United Nat'l Ins. Co., 489 F. Supp. 3d 1372, 1377 n.2 (S.D. Fla. 2020) ("Florida law permits a policyholder of an authorized insurance policy to freely assign post-loss insurance claims."). This is because "[g]enerally, rights under a contract are assignable." Pro. Consulting Servs., Inc. v. Hartford Life & Accident Ins. Co., 849 So. 2d 446, 447 (Fla. 2d DCA 2003). This may be the case even if the policy contains an anti-assignment clause. § 627.422(2), Fla. Stat.; Extreme Emergency Fire & Water Restoration LLC v. Certain Underwriters at Lloyd's of London, 314 So. 3d 559, 560 (Fla. 3d DCA 2020).

Further, as appellants correctly observe, the policy in this case does not purport to prohibit or restrict the right of an insured to assign a post-loss claim. As a result, at the time the policy issued, the named insureds were free to execute a post-loss assignment.

At first glance, the "checklist" in section 627.7152, Florida Statutes, might appear to curtail that right. A closer reading, however, yields the inescapable conclusion that this portion of the statute merely regulates the contents of any assignment agreement by requiring the contracting parties to include certain language. Had the legislature wished to do so, it indubitably could have designated certain claims unassignable, prohibited a

10

class of potential assignees from accepting an assignment, limited the circumstances under which an insured might legally assign a claim, or imposed any other substantively restrictive measures. Consequently, insofar as it merely requires the inclusion of certain words, we conclude the statute solely "affect[s] rights under the assignment of benefits, not substantive rights under the insurance policy." SFR Servs., LLC v. Indian Harbor Ins. Co., 529 F. Supp. 3d 1285, 1290 (M.D. Fla. 2021). Thus, applying the provisions to assignments executed after its effective date does not "impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." Landgraf, 511 U.S. at 280.

This conclusion is consistent with several decisions by our sister courts. See Kidwell Grp., LLC v. Olympus Ins. Co., 47 Fla. L. Weekly D1571, D1571 (Fla. 5th DCA July 22, 2022) ("[B]ased on the plain language of [section 627.7152, Florida Statutes], the trial court properly applied section 627.7152 prospectively to the assignment agreement in this case."); Total Care Restoration, LLC, 337 So. 3d at 77 ("This case does not involve the application of a statute to a preexisting insurance policy; it concerns a statute's application to an assignment created after the effective date of the statute. Thus, section 627.7152—the law in effect at the time the assignment

11

of benefits was executed—was properly applied to the assignment in this case."); see also SFR Servs., LLC, 529 F. Supp. at 1289–90 (maintaining section 627.7152, Florida Statutes, did not affect substantive rights under insurance policy and only established procedural requirements for effective formation of an assignment of benefits); JPJ Servs. LLC v. N.H. Ins. Co., No. 21-14329-CIV, 2022 WL 1908970, at *4–5 (S.D. Fla. June 3, 2022) (applying section 627.7152, Florida Statutes, to an assignment agreement created in 2020 of an insurance policy issued prior to enactment of section 627.7152, Florida Statutes).  Accordingly, we impute no error to the order on appeal, and we affirm in all respects.

Affirmed.