# Third District Court of Appeal

## State of Florida

Opinion filed September 25, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-2008
Lower Tribunal No. 22-38761 CC
_____


**The Open MRI Guys of Palm Beach, LLC, etc.,**
Appellant,

vs.

**Progressive American Insurance Company**,
Appellee.


An Appeal from a non-final order from the County Court for Miami-Dade County, Natalie Moore, Judge.

Douglas H. Stein, P.A., and Douglas H. Stein, for appellant.

Kubicki Draper, P.A., and Michael C. Clarke, and Joye B. Walford (Tampa), for appellee.


Before LOGUE, C.J., and LINDSEY and GORDO, JJ.

LINDSEY, J.

Appellant The Open MRI Guys of Palm Beach, LLC (a/a/o Elizabeth Galli) appeals from a non-final order granting Appellee Progressive American Insurance Company's Motion to Transfer Venue.[1] The lower court ordered Open MRI to transfer the underlying PIP case to Palm Beach County based on a venue selection clause in Progressive's Policy. For the reasons set forth below, we affirm.

## I.    BACKGROUND

In May 2021, Elizabeth Galli was involved in an automobile accident. Galli was covered under a Progressive Auto Policy. In June 2021, Galli received medical treatment from and assigned her insurance benefits to Open MRI. Open MRI submitted a medical bill to Progressive for $3,700, and Progressive paid $1,947.70.

In September 2022, Open MRI filed the underlying Complaint in Miami-Dade County seeking a declaratory judgment as to whether Progressive used the correct Medicare reimbursement formula when calculating its payment. In response, Progressive filed a motion to transfer venue to Palm Beach County based on a venue selection clause in the Policy that requires any action against Progressive to be brought in the county where the insured

---

[1] This Court has jurisdiction to review non-final orders that "concern venue." Fla. R. App. P. 9.130(a)(3)(A).

lived at the time of the accident.  Specifically, the venue clause provides as follows:

> Unless **we**[2] agree otherwise, any legal action against **us** must be brought in a court of competent jurisdiction for the county and state where the person seeking coverage from this policy lived at the time of the accident.

Open MRI filed a memorandum in opposition against the transfer of venue.  Following a hearing, the lower court determined that Progressive had not sufficiently demonstrated that Galli lived in Palm Beach County at the time of the accident.  Progressive submitted additional evidence of Galli's residency and filed a renewed motion to transfer venue.  Following a second hearing, the court determined that the venue clause was enforceable, and it entered a detailed order granting Progressive's motion to transfer venue to Palm Beach County.

Open MRI timely appealed.

## II.    ANALYSIS

We review the trial court's construction of the venue selection clause de novo.  Antoniazzi v. Wardak, 259 So. 3d 206, 209 (Fla. 3d DCA 2018).

---

[2] "'**We**,' '**us**' and '**our**' mean the underwriting company providing the insurance, as shown on the **declarations page** [i.e. Progressive]."

3

Open MRI argues that the venue selection clause does not apply for the following four reasons:

1. Open MRI is not seeking coverage.
2. Open MRI is a corporate entity and not a person.
3. The Policy is an adhesion contract, and the PIP statute does not authorize a venue selection clause.
4. The venue selection clause is permissive, not mandatory.

We address each argument in turn.

### a. Open MRI is not seeking coverage.

The venue clause requires that "any legal action against [Progressive] must be brought in a court of competent jurisdiction for the county and state where the person *seeking coverage* from this policy lived at the time of the accident." (Emphasis added). Open MRI argues that because it is bringing a declaratory judgment action and not seeking coverage, the venue clause does not apply.

This argument does not credit the language at the beginning of the clause specifying that it applies to "any legal action against" Progressive. Open MRI argues that this case is "very similar" to S. Viroja, P.A. v. United Automobile Insurance Co., 28 Fla. L. Weekly Supp. 629a (Fla. Palm Beach Cnty. Ct. Sept. 1, 2020). Not only is this authority not binding, but the venue clause in S. Viroja did not apply broadly to "any legal action" against the insurer. It applied to "any legal action against us *to determine coverage*

4

*under this policy* . . . ." (Emphasis added).[3]  This limiting language is absent from the venue clause at issue here.  Based on the plain language in the venue selection clause, it applies to Open MRI's action because it applies to "any legal action" against Progressive.

### b. Open MRI is not a person.

Open MRI again focuses on the part of the venue clause that specifies where the action is to be brought: "where *the person* seeking coverage lived at the time of the accident."  (Emphasis added).  Open MRI argues that it is not a person; therefore, the clause does not apply.  But this language clearly refers to the insured.  Indeed, the contract is between Progressive and the insured, not between Progressive and any potential assignees.

As the lower court correctly explained in its order, Open MRI, as assignee, "stands in the shoes of the insured and has no greater rights or benefits than the insured under the terms of the Policy."  See Gables Ins. Recovery, Inc. v. Seminole Cas. Ins. Co., 10 So. 3d 1106, 1108 (Fla. 3d DCA 2009).  Under Open MRI's reading, the venue clause applies only when the insured brings an action but not when a corporate assignee brings the action.

---

[3] Numerous county courts have decided this issue both in favor of and against Progressive.  Their decisions are not, however, binding on the district courts of appeal.  To date, we are aware of no district court that has rendered a decision on this issue.

This cuts against the well-established principle that an assignee has the same rights and burdens under the contract as the assignor. See, e.g., Shreve Land Co., Inc. v. J & D Fin. Corp., 421 So. 2d 722, 724 (Fla. 3d DCA 1982) ("[A]n assignee succeeds to his assignor's rights under the assignment of a contract and takes it with all the burdens to which it is subject in the hands of the assignor."). In short, the venue clause applies to Open MRI in the same way it applies to the insured.

### c. The venue clause is the product of an adhesion contract and is not authorized by the PIP Statute.

Open MRI also argues that the venue selection clause is unenforceable because the Policy is an adhesion contract, and the PIP Statute does not authorize a venue selection clause. In so doing, Open MRI primarily relies on two county court cases: Hallandale Beach Orthopedics, Inc. v. United Automobile Insurance Co., 28 Fla. L. Weekly Supp. 353a (Fla. Broward Cnty. Ct. June 15, 2020) and S. Vrioja.[4] Both cases depend on two seemingly distinct premises: (1) venue selection clauses are unenforceable because insurance policies are adhesion contracts, and (2) nothing in the

---

[4] Open MRI also quotes from Emergency Physicians, Inc. v. USAA Casualty Insurance Co., 29 Fla. L. Weekly Supp. 677b (Fla. Volusia Cnty. Ct. Oct. 20, 2021), but this case merely agrees with the medical provider plaintiff that the venue selection clause is not enforceable because the insurance contract is an adhesion contract without any substantial elaboration or analysis.

6

PIP Statute authorizes a venue selection clause. We disagree that these are grounds for not enforcing an otherwise valid venue selection clause.

1. Adhesion Contracts

Both Hallandale Beach and S. Vrioja conclude that a venue selection clause is unenforceable if the insurance policy is an adhesion contract. This is incorrect. Both cases rely on Bombardier Capital Inc. v. Progressive Marketing Group, Inc., 801 So. 2d 131 (Fla. 4th DCA 2001). In Bombardier, appellee argued that a forum selection clause was not enforceable "where the forum selection clause is the product of overwhelming bargaining power on the part of one party . . . ." Id. at 134.

Importantly, the Bombardier court explained that the concern is not with unequal bargaining power *but whether enforcement would be unreasonable or unjust.* Id. at 135 ("[I]n using the term 'unequal bargaining power' the supreme court intended it to be subsumed within the court's express holding, i.e., that forum selection clauses should be enforced in the absence of a showing that enforcement would be 'unreasonable or unjust.' . . . Our attention has not been called to any Florida case which the court has inquired into whether the parties were 'equals' before enforcing a forum selection clause.").

Though both Hallandale Beach and S. Viroja cite Bombardier, they are mistaken that Bombardier stands for the proposition that unequal bargaining power is alone sufficient to invalidate a venue selection clause.[5] Here, the lower court correctly determined that an adhesion contract does not automatically render a venue selection clause invalid:

> Plaintiff seems to argue that the contract is a contract of adhesion and, therefore, the clause is automatically rendered invalid or unenforceable. A contract of adhesion is "a standardized contract, which, imposed and drafted by the party of superior bargaining strength [insurer], relegates to the subscribing party [insured] only the opportunity to adhere to the contract or reject it." Seaboard Fin. Co. v. Mutual Bankers Corp., 223 So. 2d 778, 782 (Fla. 2d DCA 1969). Finding that a contract is one of adhesion does not render the contract void, but instead only means that any ambiguities would be

---

[5] The appellee in Bombardier relied on Manrique v. Fabbri, 493 So. 2d 437 (Fla. 1986) in support of its unequal bargaining power argument. The Bombardier court correctly observed that the holding in Manrique had to do with unreasonableness. See Manrique, 493 So. 2d at 440 ("We hold that forum selection clauses should be enforced in the absence of a showing that enforcement would be unreasonable or unjust."). Moreover, Manrique relied on M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972), which also bases its analysis on unreasonableness: "The correct approach would have been to enforce the forum clause specifically unless Zapata could clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." The Court further explained that the party challenging the forum selection clause bears a heavy burden: "it should be incumbent on the party seeking to escape his contract to show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court. Absent that, there is no basis for concluding that it would be unfair, unjust, or unreasonable to hold that party to his bargain." Id. at 18.

8

resolved or construed against the drafter. There are no ambiguities in the mandatory forum selection clause at issue here.

2. Not authorized by the PIP Statute

Hallandale Beach and S. Viroja also hold, without citation to authority, that it would be unjust to enforce a forum selection clause because the PIP Statute does not include any provision to allow an insurer to include a forum selection clause. We disagree. Nothing in the PIP Statute forbids additional policy terms that are not expressly authorized.

Open MRI narrows the broad holdings in Hallandale Beach and S. Viroja by arguing that the venue clause is unenforceable because it is not specifically authorized *and contrary to the purpose of the PIP Statute*. In support, Open MRI cites Nunez v. Geico General Insurance Co., 117 So. 3d 388, 389 (Fla. 2013), which involved a requirement that the insured attend an examination under oath as a condition precedent to recover PIP benefits. The Florida Supreme Court held that this condition was invalid because it was contrary to the terms of the PIP Statute.

Open MRI argues that the venue clause here is contrary to the purpose of the PIP Statute because it is overly burdensome on assignee medical providers. This line of reasoning is flawed. Since an assignee stands in the shoes of the insured, the correct inquiry is whether the venue clause, *as*

*applied to the insured*, is contrary to the terms of the PIP Statute. The venue clause requires any suit against Progressive to be brought where the insured lived at the time of the accident. Open MRI posits no arguments as to how this requirement, from the perspective of the insured, is contrary to the terms of the PIP Statute.

### d. Whether the venue selection clause is mandatory or permissive.

Open MRI's final argument is that the venue selection clause is permissive rather than mandatory. "When parties include a venue selection clause in their contract, that clause is considered mandatory when its plain language conveys the exclusivity of the chosen venue." Monarch Claims Consultants, Inc. v. Fleming, 372 So. 3d 758, 761 (Fla. 1st DCA 2023). Moreover, "[w]hen a contract includes a mandatory venue clause, a trial court is bound to honor it unless there is 'a showing that the clause is unjust or unreasonable.'" Id. (quoting Travel Country RV Ctr., Inc. v. Baxter, 932 So. 2d 547, 548 (Fla. 1st DCA 2006)).

Here, there is no dispute that the venue clause contains some language of exclusivity because it mandates where any legal action against

10

Progressive "must be brought."[6]  However, despite this mandatory language, Open MRI contends that the venue clause is permissive because it contains language that gives Progressive a non-mutual option to agree to a different venue: "Unless **we** [Progressive] decide otherwise . . . ."

We agree with the trial court that this non-mutuality does not alone render the venue clause permissive.  Indeed, this Court has held that "the non-mutuality of [a] forum selection clause does not render it invalid or permissive."  Antoniazzi, 259 So. 3d at 210 (citing Medoil Corp. v. Citicorp, 729 F.Supp. 1456, 1459 (S.D.N.Y. 1990) (upholding forum selection clause which required account holder to file all legal action "at the location of the Bank's office appearing on this Agreement," while providing that Bank "may bring action against the Account Holder(s) before the courts or any other competent authority at the place of residence of the Account Holder(s) or elsewhere")).

## III.    CONCLUSION

---

[6] As the trial court correctly stated in its order, "[a] party seeking to avoid enforcement of a mandatory forum selection clause bears a heavy burden of establishing that the enforcement is unjust or unreasonable and must demonstrate that the contractually designated forum essentially amounts to 'no forum at all,' thereby depriving the party of its day in court." (quoting Est. of Stern v. Oppenheimer Tr. Co., 134 So. 3d 566, 568 (Fla. 3d DCA 2014)).

Because the venue clause is valid and enforceable, as set forth above, we affirm the trial court's order transferring venue to Palm Beach County.

Affirmed.